UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CESARE GASPARI,

           Plaintiff,

vs.                              Case No. 2:11-cv-32-FtM-29SPC

U.S. BANK NATIONAL ASSOCIATION, as
assignee of CAPITAL ONE, N.A., as
assignee of CHEVY CHASE, FSB ,

           Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on U.S. Bank's Motion to Dismiss Amended Complaint (Doc. #25) filed on August 8, 2011. Plaintiff Cesare Gaspari (Gaspari or plaintiff) filed a response in opposition on August 22, 2011. (Doc. #26.)

**I.**

    Plaintiff contends that on or about December 22, 2005, he executed a purchase money mortgage in the amount of $1,221,250.00 payable to Chevy Chase, FSB (Chevy Chase)[1], a bank doing business in Collier County, Florida. The money was used to purchase real estate known as "The Dunes" located at 285 Grande Way, Unit # 1401 in Naples, Florida. The purchase price of the property was $1,495,000.00. (Doc. #26, ¶¶2, 4-6.)

---

    [1]Plaintiff does not name Chevy Chase as a defendant in this matter. Instead, he names U.S. Bank National Association (U.S. Bank) as a defendant as an assignee of Capital One, N.A. and Chevy Chase, FSB.

Plaintiff contends that prior to the execution of the mortgage and promissory note, employees of Chevy Chase made false representations concerning material facts. Specifically, he asserts that the Chevy Chase employees knowingly made the false representation "that the appraised market value of the property was $1,495.000.00" (Id. at ¶11) and communicated this information to induce plaintiff to rely and act on it by executing the mortgage. Plaintiff further contends that although the mortgage loan was originated by Chevy Chase, the mortgage was assigned to U.S. Bank and is presently being serviced by U.S. Bank. Therefore, U.S. Bank stands in the shoes of Chevy Chase and is vicariously liable. (Id., ¶¶ 11-21.)

Plaintiff filed a one (1) Count Amended Complaint (Doc. #26) alleging common law fraud against defendant. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

---

[2]The Court notes that this matter was removed to Federal Court on January 26, 2011, on the basis of diversity jurisdiction. (Doc. #1.) Plaintiff's Amended Complaint asserts "this matter exceeds $15,000 and is within the jurisdiction of this Honorable Court." (Doc. #24, ¶3.) The jurisdictional minimum in diversity cases is $75,000.00. 28 U.S.C. § 1332. Nonetheless, "[w]e measure the amount in controversy on the date on which the court's diversity jurisdiction is invoked, in this case on the date of removal. . . [and] 'events occurring after removal, which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction'" The Burt Co. v. Clarendon Nat. Ins. Co., 385 Fed. App'x 892 (11th Cir. 2010); quoting Poore v. American-Amicable Life Ins. Co., 218 F.3d 1287, 1290-91 (11th Cir. 200) *overruled in part on other grounds in* Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 640-41 (11th Cir. 2007). At the time of removal, plaintiff demanded recision of his
(continued...)

U.S. Bank seeks to dismiss the complaint with prejudice because it is time-barred, fails to meet Rule 9's heightened pleading standard, and fails to state a cognizable claim. Plaintiff disagrees and alternatively asserts that if his complaint is deficient, he should be granted leave to amend.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir.

---

[2](...continued)
mortgage valued at $1,121,250.00. (Doc. #2, p. 4.) This clearly exceeds the jurisdictional minimum, and therefore, jurisdiction is proper.

2004)-has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id.

**III.**

**A. Statute of Limitations**

Under well-settled law, there are significant constraints on a defendant's ability to litigate a limitations defense at the pleadings stage. See, e.g., La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) ("A statute of limitations bar is an affirmative defense and . . . plaintiffs are not required to negate an affirmative defense in their complaint.") (citation and internal marks omitted); McMillian v. AMC Mortg. Servs., 560 F. Supp. 2d 1210, 1213 (S.D. Ala. 2008) ("A statute of limitations defense is generally not appropriate for evaluation on a Motion to Dismiss. . . ."). But a limitations defense may be properly raised and litigated by Rule 12(b) motion if a claim is time-barred on the face of the Complaint. See Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., 522 F.3d 1190, 1194 (11th Cir. 2008) ("A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is

apparent from the face of the complaint that the claim is time-barred.") (citation and internal quotation marks omitted).

The parties agree that the applicable statute of limitations to common law fraud in Florida is four (4) years. Florida Statutes § 95.11(3)(j). The statute of limitations for an action based on fraud is strictly construed against the party bringing the action and begins to run when the alleged basis for the action was either discovered or should have been discovered by the exercise of due diligence. Matthews v. Matthews, 222 So. 2d 282, 284 (Fla. 2d DCA 1969).

The Complaint does not suffer from a facially apparent limitations defect. Accepting the allegations of the Complaint as true, it was not until "approximately late 2008," that the plaintiff discovered that the representations were false. (Doc. #24, ¶16.) Assuming that plaintiff discovered the fraud as early as June 1, 2008, plaintiff would have had until June 1, 2012, to file his claim. Plaintiff's first Complaint was filed on October 26, 2010, well within the applicable period. Accordingly, defendant's motion to dismiss, insofar as it seeks to dismiss the Amended Complaint as time-barred, is denied.

**B. Pleading Requirements**

Defendant also seeks to dismiss the Amended Complaint because it fails to comply with the heightened pleading standards of Fed. R. Civ. P. 9(b). The Court agrees.

The "essential elements" of common law fraud under Florida law are: (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person. Gandy v. Trans World Computer Tech. Grp., 787 So.3d 116, 118 (Fla. 2d DCA 2001); see also Tucker v. Mariani, 655 So. 2d 221, 225 (Fla. 1st DCA 1995). Fed. R. Civ. P. 9(b) requires fraud allegations to be plead "with particularity." "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006). "Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citations omitted). See also Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted); Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006). "This means the who, what, when [,] where, and how: the first paragraph of any newspaper story." Garfield,

466 F.3d at 1262 (citations omitted). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005), cert. denied, 549 U.S. 810 (2006).

Here, plaintiff generally asserts that Chevy Chase bank employees made the alleged false statements, but provides no other identifying factors to help defendant identify "who" were the alleged wrongdoers. Other than generally noting that the representations occurred prior to the execution of the mortgage on December 22, 2005, the Amended Complaint does little to provide any indication as to "when" the alleged misrepresentation occurred. Plaintiff does not identify which branch of Chevy Chase bank employed the individuals who made the alleged false statements, and thus fails to allege "where" the fraud occurred. Most importantly, the Amended Complaint inexplicably fails to describe "why" the representation "that the appraised market value of the property was $1,495,000.00"(Doc. #24, ¶11) was knowingly false.

Although the Second Amended Complaint focuses on alleged misstatements included in the appraisal of the property, plaintiff's response contends that the appraisal fraud merely demonstrates "the beginning of the overall fraud." (Doc. #26, p. 4.) Plaintiff then describes that "[l]ater, as discovery will demonstrate, the bank performed another appraisal which drastically reduced the actual value of the property. This second appraisal

wiped out most of the equity that the false appraisal initially provided. In turn, this caused the bank to greatly increase the monthly payments made by [the plaintiff]." (Doc. #26, pp. 4-5.) These allegations, or any other allegations related to a larger fraud scheme, are absent from the Amended Complaint. Thus, the Court finds that the Amended Complaint fails to put the defendant on notice as to the basis of his fraud allegations and does not comply with the Federal Rules.[3] Accordingly, the Court grants defendant's motion to the extent it seeks to dismiss the complaint for failure to meet Rule 9's heightened pleading requirement, but will provide plaintiff with the opportunity to amend his complaint.

Accordingly, it is now

**ORDERED**:

1. U.S. Bank's Motion to Dismiss Amended Complaint (Doc. #25) is **GRANTED** to the extent it seeks to dismiss the Amended Complaint for failure to comply with Rule 9 of the Federal Rules of Civil Procedure and is **DENIED** in all other respects as stated in this Opinion and Order.

2. Plaintiff's Amended Complaint is dismissed without prejudice.

---

[3]Because the Court finds that plaintiff's claim was not pled with the specificity required by Rule 9, the Court need not address defendant's argument that U.S. Bank is not an appropriate defendant in this matter.

3. Plaintiff may file an Amended Complaint within **twenty-one (21) days** of the signing of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this \_\_17th\_\_ day of February, 2012.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record